UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

BRYAN ANTON MARDOIAN,              :
                                   :
     Plaintiff,                    :
                                   :
     v.                            :    CASE NO. 3:13CV1188(DFM)
                                   :
CAROLYN W. COLVIN                  :
COMMISSIONER OF SOCIAL SECURITY,   :
                                   :
     Defendant.                    :

              RECOMMENDED RULING ON PENDING MOTIONS

Plaintiff, Bryan Anton Mardoian, seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB").[1] An Administrative Law Judge ("ALJ") held a hearing on October 17, 2011, and determined that plaintiff was not disabled within the meaning of the Social Security Act.[2] Plaintiff timely appealed to this court.

---

[1] Plaintiff filed an application for DIB on January 25, 2010, alleging an onset date of December 7, 2009. (R. 75.) His application was denied initially and on reconsideration. (R. 113-19.)

[2] The ALJ found at step one that plaintiff had no substantial gainful employment since his alleged onset date. (R. 35.) At step two, she found that plaintiff has the following severe impairment: multilevel disc degeneration with stenosis. (R. 36.) She found at step three that this impairment does not meet or medically equal a listed impairment. (R. 36.) She determined that plaintiff retained the residual functional capacity ("RFC") "to perform the full range of sedentary work . . . involving lifting and carrying ten pounds; involving sitting six hours out of an eight hour day; and standing and walking two hours out of an eight hour day." (R. 37.) At step four, she determined that plaintiff is not able to perform his past relevant work as a

Currently pending are plaintiff's motion to reverse the decision of the Commissioner (doc. #12) and defendant's motion to affirm the decision of the Commissioner. (Doc. #17.)  On August 3, 2015, pursuant to the court's order, counsel filed a joint stipulation of facts and medical chronology, which I incorporate by reference. (Doc. #20.)  For the following reasons, I recommend that plaintiff's motion be GRANTED and defendant's motion be DENIED.

I.   Legal Standard

The standards for determining an individual's entitlement to DIB, the Commissioner's five-step framework for evaluating claims, and the district court's review of the final decision of the Commissioner are well-settled.  I am following those standards, but do not repeat them here.

II.  Discussion

Plaintiff argues that the ALJ failed to follow the treating physician rule by assigning less than controlling weight to the opinion of his primary care physician, Dr. Leon Rapko.  He also argues that the ALJ should have given greater weight to the opinion of orthopedic surgeon Dr. Balazs Somogyi than to the

---

personal trainer. (R. 39.)  At step five, considering plaintiff's age, education, work experience, and RFC, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform. (R. 40.)  Plaintiff appealed the ALJ's decision to the Appeals Council, which denied his request for review on June 19, 2013. (R. 1-3.)

2

opinions of the non-examining state agency physicians. Defendant responds that substantial evidence to support the ALJ's decision can be found in the non-examining state agency physician reports.

    A. Dr. Rapko

Under the "treating physician rule," a treating physician's opinion is accorded controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2). The ALJ must "give good reasons" for the weight accorded to the treating physician's opinion. See Halloran, 362 F.3d at 32; see also 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."); Social Security Ruling ("SSR") 96-2p, 1996 WL 374188, at *5 (July 2, 1996) (ALJ's decision "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.").

If controlling weight is not given to a treating source's opinion, the ALJ must consider certain factors in determining

3

the weight to be assigned. Those factors include: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the opinion; (4) the opinion's consistency with the record; (5) the treating physician's specialization, if any; and (6) other factors brought to the ALJ's attention. 20 C.F.R. § 404.1527(c)(2); see also Greek v. Colvin, No. 14-3799, 2015 WL 5515261, at *3 (2d Cir. Sep. 21, 2015) ("[T]o override the opinion of the treating physician, we have held that the ALJ must explicitly consider" these factors).

Here, the ALJ did not assign controlling weight to Dr. Rapko's opinion.³ Describing it as "conclusory and against the weight of the record as a whole," she explained:

> [t]he conclusions reached are not supported anywhere in the medical evidence record by medically acceptable signs, symptoms, and/or laboratory findings. A review of the exhibit file fails to identify any subjective or objective medical findings supporting the conclusion that the claimant is limited to less than sedentary work. As such, these findings are not accorded the controlling weigh[t] usually given to treating source opinion[s] regarding residual functional capacity. Nonetheless, these observations and findings are not ignored and have been carefully considered in providing insight as to functional

---

³Dr. Rapko opined that plaintiff is unable to do any standing or walking; cannot lift more than ten pounds; can sit three hours; sit and walk up to one hour in an eight-hour workday; and would have difficulty maintaining employment due to his impairment. (R. 598, 599-605, 612, 613-20, 626, 642.)

4

      ability and how they affect the claimant's ability to work.

(R. 39.)

The ALJ's explanation is insufficient. Although she noted that she did not "ignore[]" Dr. Rapko's opinion, she did not provide "good reasons," nor is it apparent that she considered the factors enumerated in § 404.1527(c)(2). A review of the record reveals that Dr. Rapko's opinion is well supported[4] and not inconsistent with other substantial evidence.[5] SSR 96-2p, 1996 WL 374188 (July 2, 1996) ("If a treating source's medical opinion is well-supported and not inconsistent with the other substantial evidence in the case record, it must be given controlling weight."). The ALJ failed to follow the treating

---

[4] Dr. Rapko noted that his findings were based on clinical evidence of decreased flexion and extension of the lumbar spine, positive straight leg raise on the left, and diagnostic MRI results. (R. 599, 613-14.)  Dr. Rapko's reports (R. 599-605, 612, 613-20, 642) "reflect judgments about the nature and severity of [plaintiff's] impairment(s), including [his] symptoms, diagnosis and prognosis, what [he] can still do despite impairment(s), and [his] physical or mental restrictions."  20 C.F.R. § 1527(a)(2).

[5] The only opinions inconsistent with Dr. Rapko's opinion are those of the state agency physicians, neither of whom examined plaintiff. Dr. Joseph Connolly, Jr. reviewed the claim file on June 4, 2010, but did not identify the evidence he reviewed or explain how the evidence supported his RFC assessment. (R. 83-85.)  Similarly, Dr. Jeanne Kuslis reviewed the claim file on September 20, 2010, and failed to provide any supporting explanation for her RFC assessment. (R. 95-96.)  See Vargas v. Sullivan, 898 F.2d 293, 295 (2d Cir. 1990) ("The general rule is that the written reports of medical advisors who have not personally examined the claimant deserve little weight in the overall evaluation of disability.") (internal quotation marks omitted).

5

physician rule by not assigning Dr. Rapko's opinion controlling weight, by not providing good reasons for her assignment of weight, and by not considering the factors set forth in § 404.1527(c)(2).[6]

B. Dr. Somogyi

Plaintiff's next argument concerns the opinion of examining physician Dr. Somogyi.  Plaintiff concedes that the ALJ properly found that Dr. Somogyi is not a treating source[7] because plaintiff "underwent the examination that formed the basis of the opinion in question, not in an attempt to seek treatment for symptoms, but rather, through attorney referral and in connection with an effort to generate evidence for the current appeal." (R. 38.)  Plaintiff acknowledges that as a nontreating

---

[6] The ALJ also erred by failing to indicate the precise weight she gave Dr. Rapko's opinion.  See Dioguardi v. Comm'r of Soc. Sec., 445 F. Supp. 2d 288, 295 (W.D.N.Y. 2006) (holding that by not explaining what weight, if any, the ALJ assigned to the opinion of plaintiff's treating physician, "the ALJ deviated from one of the legal standards she was required to apply to [her] evaluation of the evidence and, at the same time, failed to set forth a crucial issue with sufficient specificity to enable [this Court] to decide whether the determination is supported by substantial evidence . . . .  Failure to explain the weight assigned to [the treating physician]'s opinions was not harmless.") (internal quotation marks omitted).

[7] A treating source is plaintiff's "own physician, psychologist, or other acceptable medical source who provides [plaintiff], or has provided [plaintiff], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [plaintiff]."  20 C.F.R. § 404.1502.

6

source, Dr. Somogyi's opinion[8] is not entitled to controlling weight. He argues, however, that as an examining specialist, Dr. Somogyi's opinion is entitled to greater weight than the non-examining state agency physicians' opinions. 20 C.F.R. § 404.1527(c) ("Regardless of its source, we will evaluate every medical opinion we receive . . . . Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you.").

> In general, the Commissioner must consider the opinion of any medical source, treating or non-treating, examining or non-examining. The weight to be accorded a medical source opinion of any sort is determined based on: (1) the examining relationship—more weight is given to the opinion of a source who has examined the claimant than to the opinion of a source who has not; (2) the treatment relationship—more weight is given to treating sources; (3) supportability—more weight is given if the medical source supports his opinion with relevant evidence in the record, "particularly medical signs and laboratory findings," or provides a good explanation for his opinion; (4) consistency—more weight is given the more consistent an opinion is with the record as a whole; (5) specialization—more weight is given to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist; (6) other factors—weight may be accorded based on any other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c).

---

[8]Dr. Somogyi opined that plaintiff could sit for three hours and stand/walk two hours; could frequently lift and carry 20 pounds; is unable to bend; and would need to take unscheduled 15 minute breaks every two hours in an eight-hour workday. (R. 632-38.)

7

Ligon v. Astrue, No. 11-CV-0162 (JG), 2012 WL 6005771, at *12 (E.D.N.Y. Dec. 3, 2012).

There is no indication that the ALJ applied the factors for weighing medical opinions set forth in 20 C.F.R. § 404.1527(c) when she evaluated Dr. Somogyi's opinion. In considering Dr. Somogyi's opinion, the ALJ mentioned only his statement that "the claimant's symptoms appear to be out of proportion to [his] clinical status." (R. 38.) It appears that the ALJ relied on this statement alone to conclude that Dr. Somogyi's opinion is "not persuasive on the issue of disability." (R. 38.) The ALJ did not consider the fact that Dr. Somogyi, an orthopedic surgeon, based his opinion on clinical findings of limited range of motion in the lumbosacral segment, tenderness of the lower lumbar region, straight leg raise tests, and MRI results. (R. 632-33.) The ALJ also failed to note that Dr. Somogyi's clinical findings are consistent with those of plaintiff's treating physician, Dr. Rapko. The ALJ erred by not assigning Dr. Somogyi's opinion "more weight than that of a non-examining physician." Bethea v. Astrue, No. 3:10-CV-744 (JCH), 2011 WL 977062, at *11 (D. Conn. Mar. 17, 2011).

### III. Conclusion

The ALJ failed to properly apply the treating physician rule to Dr. Rapko's opinion and failed to properly evaluate Dr. Somogyi's opinion. The case should be remanded for a re-

8

weighing of the medical evidence.  In light of the foregoing, I need not reach the merits of plaintiff's remaining argument. See Johnston v. Colvin, No. 3:13-CV-00073 (JCH), 2014 WL 1304715, at *34 (D. Conn. Mar. 31, 2014) (where case reversed and remanded for re-weighing of evidence in light of ALJ's improper application of treating physician rule, district court need not reach merits of plaintiff's remaining arguments).  I recommend that plaintiff's motion (doc. #12) be GRANTED and defendant's motion (doc. #17) be DENIED.

Any party may seek the district court's review of this recommendation.  See 28 U.S.C. § 636(b) (written objections to proposed findings and recommendations must be filed within fourteen days after service of same); Fed. R. Civ. P. 6(a), 6(d) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Thomas v. Arn, 474 U.S. 140, 155 (1985); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992).  Failure to timely object to a magistrate judge's report will preclude appellate review.  Small v. Sec'y of Health and Human Serv., 892 F.2d 15, 16 (2d Cir. 1989).

SO ORDERED at Hartford, Connecticut this 11th day of August, 2016.

                                             _____/s/_____
                                             Donna F. Martinez
                                             United States Magistrate Judge